Beth A. O'Connor, Esq. Informal Opinion County Attorney No. 2000-9 County of Columbia 401 State Street Hudson, N Y 12534
Dear Ms. O'Connor:
You have inquired whether a part-time assistant county attorney may also serve as the part-time elected mayor of a city located within the county. This opinion will confirm our prior discussions regarding this matter.
You informed us that the county attorney's office prosecutes persons in need of supervision and juvenile delinquents under the Family Court Act; appears in support proceedings under that Act; represents the county in civil matters; conducts real property tax foreclosures; and provides legal advice and assistance to the Board of Supervisors, elected county officials and department heads. You have stated in your letter that the assistant county attorney would not personally engage in any legal matter affecting the city of which he is mayor, and would be responsible for only Family Court Act matters.
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. People ex rel. Ryan v. Green, 58 N.Y. 295 (1874). The Court of Appeals has held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the duties of the two offices. Id. at 304. Even where positions are compatible, a conflict of interest may arise with respect to particular matters. In many instances, conflicts can be avoided by declining to participate in the disposition of the matter.
In our view, the positions of assistant county attorney and of mayor of a city located within that county are compatible. We are not aware of any statutory prohibition against holding these two positions simultaneously. See, e.g., County Law § 411 (pertaining to "holding more than one elective office"). The positions are in two separate governmental units. Therefore, one is not subordinate to the other.
Nor do the duties of the positions appear inconsistent. You state in your letter that the assistant county attorney would not engage in any legal matters pertaining to the city, thus removing any potential for a conflict of duties between the two positions. Significantly, you informed us further that the assistant county attorney's responsibilities are limited to prosecution of persons in need of supervision and juvenile delinquents under the Family Court Act and representation of the county in support proceedings under that Act. These responsibilities should not conflict with the attorney's mayoral duties. You added that only the deputy county attorney, and not the assistant county attorney, has authority to perform the duties of county attorney in your absence, thus removing another potential source of conflict. We believe that if a conflict of interest does arise, recusal in the legal matter ordinarily would be an appropriate and adequate remedy.
Finally, we recommend that you consult the county and city codes of ethics to determine whether there are any standards that would bear on the holding of these two positions. We note that in prior opinions of this office, we have determined that various county officials may serve other local governments located in the county. See Op Atty Gen (Inf) Nos. 97-46, 95-33, 91-62, 87-16, 86-63.
We conclude that in the circumstances outlined here an assistant county attorney may also serve as mayor of a city located within the county.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions